FILED
United States Court of Appeals
Tenth Circuit

April 3, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

ARNOLDO REYNA,

        Petitioner - Appellant,

v.

JONI BROWN,

        Respondent - Appellee.

No. 14-2002
(D.C. No. 2:12-CV-00959-LH-CG)
(D.N.M.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **GORSUCH**, **MURPHY,** and **HOLMES**, Circuit Judges.

Proceeding *pro se*, Arnoldo Reyna seeks a certificate of appealability

("COA") from this court so he can appeal the district court's denial of his 28

U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no

appeal may be taken from a final order disposing of a § 2254 petition unless the

petitioner first obtains a COA).

In 2007, a New Mexico jury convicted Reyna of trafficking a controlled

substance and conspiring to commit trafficking of a controlled substance. *State v.*

*Reyna*, 2010 WL 4162110, at *1 (N.M. App. 2010). After his convictions were

affirmed on direct appeal, Reyna pursued state post-conviction relief. In 2010,

the New Mexico Supreme Court ordered the state trial court to conduct an

evidentiary hearing on all the claims Reyna raised in his state habeas petition.  In lieu of an evidentiary hearing, Reyna, then represented by counsel, agreed to dismiss his state habeas petition with prejudice and waive his right to seek further habeas relief in exchange for a reduced sentence.  The state court entered an amended judgment in conformity with the parties' agreement.  Reyna's subsequent attempts to have that amended judgment set aside were unsuccessful.

On November 5, 2012, Reyna filed the instant § 2254 petition in federal district court, raising eight grounds for relief.  The petition was referred to a magistrate judge who recommended dismissing it because Reyna validly waived all grounds for habeas relief.  The district court adopted the magistrate judge's recommended disposition, concluding all of Reyna's arguments relating to the waiver issue were themselves waived because they were raised for the first time in the objections to the magistrate judge's report.  *United States v. Garfinkle*, 261 F.3d 1030, 1030-31 (10th Cir. 2001).  In the alternative, the court concluded the arguments were unavailing and Reyna knowingly and voluntarily waived his right to pursue federal habeas relief on all the claims raised in his petition.

To be entitled to a COA, Reyna must show, *inter alia*, "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would

-2-

find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). Our review of the record demonstrates that Reyna cannot meet this standard as to the district court's procedural ruling. His COA application contains a lengthy challenge to the district court's conclusion that his waiver is valid but only a cursory discussion of the district court's alternative conclusion that he waived the right to challenge the validity of the waiver. Essentially, he asserts he should be absolved of any obligation to preserve the waiver issue because he was ignorant of the law requiring him to do so. This argument is insufficient to meet the governing standard.

This court **denies** Reyna's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge